NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHARITY ISLES, *Plaintiff/Appellant,*

*v.*

FAMILY DOLLAR, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0918

FILED 08-06-2026

Appeal from the Superior Court in Maricopa County
No. CV2021-011917
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Charity Isles, Phoenix
*Plaintiff/Appellant*

Satterlee Gibbs PLLC, Chandler
By Galen H. Satterlee, K. Scott Reynolds
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge D. Andrew Gaona delivered the decision of the Court, in which Presiding Judge David B. Gass[1] and Judge Anni Hill Foster joined.

---

**G A O N A**, Judge:

**¶1**          Charity Isles appeals the superior court's order denying her relief under Arizona Rule of Civil Procedure ("Rule") 60(b) from a judgment entered in favor of Family Dollar, Inc. and one of its employees ("Family Dollar") that we affirmed last year. Because Isles makes arguments she didn't make below in wholly deficient briefs, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          In July 2021, Isles sued Family Dollar for false imprisonment, defamation per se, and assault and battery arising from an incident at one of its stores.

**¶3**          In April 2023, Family Dollar moved for summary judgment. Isles opposed the motion and referenced exhibits that she claimed included video-related evidence, though her opposition didn't include the videos. The superior court granted summary judgment for Family Dollar. Isles prematurely appealed the superior court's minute entry ("first appeal"), and we dismissed. She then moved for reconsideration in the superior court, asserting the exhibits referenced in her response to the motion for summary judgment weren't considered by the court or in the record. The court found "no legal or factual basis to reconsider its earlier ruling" and entered final judgment.

---

[1]          Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

¶4 Isles appealed ("second appeal"). While that appeal was pending, Isles moved to supplement the appellate record with the two exhibits (thumb drives) she allegedly submitted in opposition to summary judgment. We revested jurisdiction for the superior court to address that issue. The superior court confirmed it neither had nor considered those exhibits when it ruled. With that matter resolved, we ordered appellate briefing.

¶5 In January 2025, we affirmed the judgment. *Isles v. Fam. Dollar, Inc.*, 2 CA-CV 2023-0281, 2025 WL 363705 (Ariz. App. Jan. 31, 2025) (mem. decision). We held the superior court didn't abuse its discretion in denying Isles' requests for relief and that summary judgment was proper because Isles failed to present admissible evidence supporting the essential elements of her claims. *Id.* at *4, 8 ¶¶ 20, 35. We denied Isles' motion for reconsideration, and the Arizona Supreme Court denied her petition for review.

¶6 In August 2025, Isles moved to set aside the judgment under Rule 60(b) for "fraud, misrepresentation, misconduct, and newly discovered evidence." *See* Ariz. R. Civ. P. 60(b)(2), (3). She argued that the court "failed to acknowledge or incorporate" the missing exhibits that were excluded and critical to resolving material disputes of fact, and that Family Dollar misrepresented the existence of those exhibits. The superior court denied Isles' motion, concluding she hadn't demonstrated grounds for relief under Rule 60.

¶7 Isles appealed, and we have jurisdiction under A.R.S. §§ 12-2101(A)(2) and -120.21(A)(1).

## DISCUSSION

¶8 On appeal, Isles advances arguments not made below, fails to adequately develop them in her opening brief, and then attempts to develop them for the first time in her reply brief. The law and rules don't permit that approach.

¶9 As a self-represented litigant, we hold Isles to the same standard as attorneys. *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022). Self-represented litigants "must . . . comply with relevant rules of procedural and substantive law." *In re Est. of Acciavatti*, 1 CA-CV 25-0606 PB, 2026 WL 2041963, at *1 ¶ 7 (Ariz. App. July 15, 2026) (citation omitted). This Court also provides publicly available resources for self-represented litigants, including guidance regarding the use of artificial intelligence. To

the extent Isles relied on artificial intelligence in preparing her briefing, we encourage her to consult those resources.[2]

## I.     Isles Waived Appellate Review.

**¶10**          In the superior court, Isles moved to set aside the judgment under Rule 60(b)(2) and (3). But on appeal, she argues relief is warranted under Rule 60(b)(3), (4), and (6). We generally don't consider arguments made for the first time on appeal, *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349 ¶ 17 (App. 2007), and thus don't consider Isles' arguments under Rule 60(b)(4) and (6) on this basis alone.

**¶11**          That aside, Isles failed to comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13. Her opening brief misstates the record and asks us to reconsider a variation of the exhibit-issue, despite the superior court, this Court, and our Supreme Court already rejecting it. It also relies on (and mischaracterizes) inapposite authority,[3] provides no developed legal analysis, and largely offers conclusory assertions (many of which are unrelated to the present appeal). *See* ARCAP 13; *Ramos*, 252 Ariz. at 522 ¶ 8 (arguments "not supported by adequate explanation, citations to the record, or authority" are waived on appeal); *Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009) (failure to comply with ARCAP 13 "can constitute abandonment and waiver" of claims).

**¶12**          Isles' reply brief fares no better. There, she purports to narrow her appeal to an argument under Rule 60(b)(6). But she didn't make a Rule 60(b)(6) claim in the superior court and didn't meaningfully develop one in her opening brief. We don't consider issues presented or arguments made

---

[2]          These resources are found at: coa1.azcourts.gov, by clicking on the links under the menu labeled "Self-Represented."

[3]          Of the approximately 60 case citations in Isles' briefing, we've identified only a handful that are accurate, proper in scope, support the propositions for which they're cited and the accompanying analysis, and provide correct pincites. In the future, Isles may face sanctions if she fails to ensure her assertions are accurate. *See* ARCAP 25; *Acciavatti*, 1 CA-CV 25-0606 PB, at *4, *5 ¶¶ 22, 23, 26 ("Misrepresenting the law to the court constitutes bad faith conduct in litigation" and "courts have the inherent power to sanction bad faith conduct during litigation independent of the authority granted by procedural rule or statute.") (cleaned up).

for the first time in a reply brief. *Dawson v. Withycombe*, 216 Ariz. 84, 111 ¶ 91 (App. 2007).

**¶13**        Because Isles failed to preserve or properly develop any challenge to the denial of Rule 60(b) relief, she waived appellate review. *See Ramos*, 252 Ariz. at 523 ¶ 11.

## II.    Requests for Reasonable Accommodations Shouldn't Be Made in Appellate Briefing.

**¶14**        Isles's opening brief requests a "reasonable accommodation under the Americans with Disabilities Act." An appellate brief is not the proper vehicle for seeking an accommodation from this Court.

**¶15**        Parties can submit accommodation requests through this Court's established ADA accommodation procedures. Those procedures require a party seeking an accommodation to submit a completed Request for Accommodation Form and otherwise comply with the requirements set forth in the ADA Court Access Accommodation Requests and Grievance Procedures policy. Information about that policy, required forms, and the ADA coordinator's information is available on this Court's website. [4]

## III.    We Award Family Dollar Its Reasonable Attorneys' Fees and Costs.

**¶16**        Family Dollar requests its attorneys' fees under A.R.S. § 12-349, arguing that Isles' "appeal is meritless, an abuse of process, and designed to harass Family Dollar." In considering A.R.S. § 12-349(A)(1), (3), and the factors in A.R.S. § 12-350, we grant that request.

**¶17**        A party is entitled to reasonable attorneys' fees under A.R.S. § 12-349(A)(1) when the opposing party brings, maintains, or defends a claim "without substantial justification." *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 242, 249 ¶¶ 9, 41 (2024). A claim lacks substantial justification when it is objectively "groundless" and "not made in good faith." A.R.S. § 12-349(F). Section 12-349(A)(3) separately authorizes attorneys' fees when a party unreasonably expands or delays proceedings.

**¶18**        As explained above, Isles waived appellate review by making new Rule 60(b) arguments for the first time on appeal (and in her reply

---

[4]        That information is found at: coa1.azcourts.gov, by clicking on the "ADA and Building Accessibility" link under the menu labeled "Court Information."

brief) and failing to comply with ARCAP 13. Her briefing also misstates the record, relies on inapposite authority, and largely consists of conclusory assertions unsupported by meaningful analysis. *See supra* ¶¶ 10–13.

**¶19**         Isles claims the superior court's judgment is unreliable because it wasn't made on a "complete and accurate record," given the supposed missing exhibits. But that fails to appreciate that the exhibits weren't part of the record and the superior court's judgment was made on the record before it. It was Isles' responsibility to ensure those exhibits were properly before the superior court before it ruled on Family Dollar's motion for summary judgment. *See generally* Ariz. R. Civ. P. 56; Ariz. R. Civ. P. 7.1.

**¶20**         Despite this, Isles claims her Rule 60(b) motion in the superior court "addressed a procedural defect that became apparent only after the [second] appeal, when [we] requested clarification regarding the completeness of the record." The record refutes that assertion. Isles knew the exhibits weren't submitted with her response.[5] *See* Ariz. R. Civ. P. 7.1(a)(4) ("Affidavits and other evidence submitted in support of any motion or memorandum must be filed with the motion or memorandum, unless the court orders otherwise."). Though Isles later tried to submit the exhibits to the superior court, she didn't ensure those exhibits were made part of the record. And in her second appeal, Isles brought this exhibit-issue to our attention and moved for "correction or modification of the record on appeal" *before* her opening brief was due. Before that, in her motion for reconsideration, Isles acknowledged that in her first appeal, she knew we didn't have the physical exhibits. *See* A.R.S. § 12-350(1), (2), (3), (6).

**¶21**         By the time Isles filed this appeal, she made variations of these claims in her motion for reconsideration before her second appeal, and brought the exhibit-issue to our attention in her second appeal. The superior court denied reconsideration, we previously affirmed the judgment and denied reconsideration, and our Supreme Court denied Isles' petition for review. At that point, Isles knew—or minimally, should've known—that the record belied her claims. *Richer*, 257 Ariz. at 248 ¶ 38 (a claim isn't made in good faith if the party knows, or should know, it is groundless but pursues it anyway); *see also* A.R.S. § 12-350(1), (2), (3), (6), (7). Yet Isles continued to relitigate those claims in the superior court, and

---

[5]      Emails in the record show Isles understood the actual videos weren't included in her May 24, 2023, responsive filings. A few days after Isles filed her response, she reached out to the superior court saying that the two exhibits didn't attach and asked if she could email them or put them on a thumb drive.

now on appeal. And she did so with briefing that fails to preserve or meaningfully develop any challenge to the denial of Rule 60(b) relief. Because this appeal lacks substantial justification, *see* A.R.S. § 12-349(A)(1), and Isles has unreasonably expanded and delayed these proceedings, *see* A.R.S. § 12-349(A)(3), we award Family Dollar its reasonable attorneys' fees under that statute and its costs on appeal under A.R.S. § 12-341, upon compliance with ARCAP 21.

## CONCLUSION

**¶22** We affirm the superior court's order denying Isles relief under Rule 60(b).



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:             JR